## Umbenhower *versus* Miller.

1. A deed absolute on its face, made prior to the Act of June 8th 1881, may be proved by parol to have been intended as a mortgage.

2. A conveyance in fee, and a written defeasance bearing the same date, constitute in law a mortgage; but where the defeasance is of later date it is a question of fact for the jury to determine, under the parol evidence, whether the conveyance is a mortgage.

3. The fact that the defeasance bears a later date does not preclude a party from putting it in evidence, and showing by parol that it was executed in pursuance of an agreement under which the deed was made and delivered, thus forming a part of the same transaction. It is not necessary to show that the defeasance was executed at the time the deed was delivered.

March 2d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Berks county:* Of July Term 1882, No. 44.

Ejectment, by Samuel W. Miller against William Umbenhower, for a tract of land in Penn Township, Berks County. Both parties claimed under one Albert Hine; the plaintiff by deed from Hine and wife; and the defendant, who was in possession, as purchaser of the premises at a sheriff's sale thereof, as the property of said Hine.

At the trial, before SASSAMAN, J., the plaintiff offered in evidence a conveyance in fee of the premises from Hine and wife to S. W. Miller, dated March 29th 1873, and duly recorded, and rested.

The defendant, after stating the grounds of his defence, made the following offer of evidence in writing:

"Plaintiff, upon due notice served upon him, produces in open court paper dated April 3d 1873, signed by Samuel W. Miller and Albert Hine, whereupon defendant proposes to offer said paper in evidence as a separate defeasance to the deed of March 29th 1873, to be followed by parol evidence that said deed and defeasance formed part and parcel of the same transaction, and therefore constitute in law a mortgage.

"To be followed by giving in evidence the records of the Court of Common Pleas of Berks, showing that on the 20th day

[Umbenhower *v.* Miller.]

of October 1877, the premises described in the writ of eject-
ment and included in the deed already offered by plaintiff were
purchased at Sheriff's sale by defendant upon a vend. ex. issued
on a judgment entered to No. 191 May Term 1877, in favor of
said defendant against Albert Hine.   This is all offered for the
purpose of showing that the deed of March 29th 1873, was an
unrecorded mortgage, and as such postponed to the subsequent
judgment of defendant against Hine."

The paper which the defendant desired to offer in evidence
was an agreement signed by Miller and Hine dated April 3d
1873, setting out the sale of the premises in question, to the
former, and an agreement by him to reconvey the same at any
time within three years, upon the repayment to him by Hine
of the purchase money, with interest.

The defendant's offer was objected to by the plaintiff.   Ob-
jection sustained and offer rejected; exception.   Verdict and judg-
ment for plaintiff.   Whereupon the defendant took this writ
assigning for error the action of the court in refusing said offer
of evidence.

*Frank R. Schell* (with whom was *Benjamin F. Dettra*),
for plaintiff in error.—It is well established in Pennsylvania
that a deed absolute on its face may be shown by parol to have
been intended as a mortgage : Paige *v.* Wheeler, 11 Norris
285 ; Corpman *v.* Baccastow, 3 Norris 363.   If the defeasance is
not recorded, it is to be considered as an unrecorded mortgage,
and postponed to a judgment of subsequent date : Friedley *v.*
Hamilton, 17 S. & R. 70.   If a deed and defeasance bear even
date, or, not being of the same date, are agreed upon at the same
time, they constitute in law a mortgage : Corpman *v.* Baccas-
tow, *supra ;* Reitenbaugh *v.* Ludwick, 7 Casey 131 ; Wharf *v.*
Howell, 5 Binney 499 ; Payne's administrators *v.* Patterson, 27
P. F. Smith 134; Kerr *v.* Gilmore. 6 Watts 407 ; Colwell *v.*
Woods, 3 Watts.188.

*Samuel L. Young* (with whom was *Henry C. G. Reber*),
for defendant in error.—The evidence offered was clearly inad-
missible.   It was, of a subsequent and independent agreement to
reconvey the premises in question, upon repayment of the pur-
chase-money.   The difference between a mortgage and a sale
with a contract to repurchase, is well recognized : Kelly *v.*
Thompson, 7 Watts 401.   A deed absolute at the time it was
given cannot be converted into a mortgage by a subsequent
agreement.   In the cases cited by plaintiff in error, the deed and
defeasance were executed at the same time; or it appeared,
either from the papers themselves or from parol evidence, that
the conveyance was made simply as security for a debt.   The

[Umbenhower *v.* Miller.]

offer did not propose to give in evidence a sheriff's deed to Umbenhower, and, if admitted, would not have shown title in him: Hawk *v.* Stouch, 5 S. & R. 157.

Mr. Justice MERCUR delivered the opinion of the court, October 5th 1882.

It is well recognized law in Pennsylvania that a deed absolute on its face made prior to the Act of 8th June 1881, may be proved by parol to have been intended as a mortgage: Paige *v.* Wheeler, 11 Norris 282.

In this case both parties claimed title under one Hine—the defendant in error under deed from him, and the plaintiff in error by purchase at sheriff's sale as the property of Hine. The latter party claimed, although the deed to the former was absolute on its face, yet in fact it was intended as a mortgage. He therefore offered in evidence a separate defeasance, to be followed by parol evidence that the deed and defeasance formed part and parcel of the same transaction; and as the defeasance was not recorded, the whole constituted an unrecorded mortgage. The court rejected the evidence. This is assigned for error.

It is true the written defeasance offered bears date a few days after the date of the conveyance. If they bore even date, they constitute in law a mortgage; but where the defeasance is of later date, it is a question of fact for the jury to determine, under the parol evidence, whether the conveyance was a mortgage: Reitenbaugh *v.* Ludwick, 7 Casey 131; Wilson et al. *v.* Shoenberger's Executors, Id. 295. While a subsequent independent agreement to reconvey on repayment of the purchase-money will not change an absolute conveyance into a mortgage, yet the fact that the defeasance bears a later date does not preclude a party from showing by parol that it was executed in pursuance of an agreement under which the deed was made and delivered, thus forming a part of the same transaction. This was substantially the offer here. The defeasance, on its face, gives some evidence of an intention to consider both instruments of the same date. The offer is, by parol evidence, to connect the two, and prove they constituted one transaction. It is true the offer is not to prove that the defeasance was executed at the time the deed was delivered, nor is it essentially necessary so to prove. Other evidence may sufficiently prove the necessary connection between the two written instruments. A defeasance may be wholly proved by parol. Here the offer was not only to give in evidence the written defeasance, but also to prove by other evidence the identity of the transaction The learned judge erred in rejecting the evidence.

Judgment reversed and a venire facias de novo awarded.